# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J & J Sports Productions, Inc., <br><br> Plaintiff <br><br> v. <br><br> Gonzalez Brothers, Inc. d/b/a La Parranda Bar and Night Club and Jose R. Gonzalez, individually, <br><br> Defendants | Case No.: 2:17-cv-02356-JAD-BNW <br><br> **Order Granting Motion to Set Aside Dismissal Order** <br><br> [ECF No. 20] |

J & J Sports Productions, Inc. filed this action in 2017 against defendants Jose R. Gonzalez and Gonzalez Brothers, Inc. d/b/a La Parranda Bar and Night Club for broadcasting a boxing match without paying J & J Sports a licensing fee.[1] By early 2019, J & J Sports had obtained defaults against both defendants,[2] but I denied its motion for default judgment last November because it was deficient.[3] This case then languished without any proceeding of record for more than 270 days, so on August 18, 2020, I ordered J & J to show cause why this case should not be dismissed for want of prosecution under Local Rule 41-1, which authorizes the court, on notice, to dismiss any case without any action for 270 days.[4] That order warned that "[f]ailure to show cause by this deadline will result in this case being dismissed for want of prosecution and closed."[5]

---

[1] ECF No. 1.
[2] ECF Nos. 12, 13.
[3] ECF No. 16.
[4] ECF No. 17 (minute order).
[5] *Id*.

J & J did not file a response to that order to show cause, but it did file something: a supplemental affidavit in support of its long-since-denied motion for default judgment.[6] The affidavit did not mention the order to show cause, it did not purport to show cause why this case should not be dismissed, and it was not attached to a renewed motion for default judgment. Because cause had not been shown, I dismissed this case without prejudice for want of prosecution and closed it.[7]

The next day, plaintiff moved to set aside that dismissal order under Rule 60(b) of the Federal Rules of Civil Procedure.[8] Rule 60 allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding."[9] Such a motion can be based on Rule 60(b)(1), which permits a court to vacate an order for "mistake, inadvertence, surprise, or excusable neglect." To determine whether neglect is excusable, the court considers "at least four factors" known as the *Pioneer-Briones* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[10]

Plaintiff argues that all four of the *Pioneer-Briones* factors weigh in favor of granting it relief from the dismissal order. It contends that the nine-month period of inaction in this case "was mostly during the pandemic," and its errors were more form than substance.[11] Although these excuses are thin and only somewhat accurate, I find that the plaintiff has shown that these

---

[6] ECF No. 18.
[7] ECF No. 19.
[8] ECF No. 20.
[9] Fed. R. Civ. P. 60(b).
[10] *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)).
[11] ECF No. 20 at 3.

2

factors weigh slightly in favor of finding excusable neglect to set aside the dismissal order, and I give the plaintiff one final chance to file a ***complete and properly supported*** motion for default judgment. However, I caution that, in light of the history of this case, further missteps will not be overlooked or excused, and any future denial of the motion for default judgment will be with prejudice.

IT IS THEREFORE ORDERED that the motion to set aside the dismissal order **[ECF No. 20] is GRANTED. The Clerk of Court is directed to set aside the dismissal order at ECF No. 19.** Plaintiff has until June 14, 2021, to file a complete and properly supported motion for default judgment.

Dated: June 8, 2021

_____
U.S. District Judge Jennifer A. Dorsey