# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

J & J Sports Productions, Inc.,

    Plaintiff

v.

Gonzalez Brothers, Inc. d/b/a La Parranda Bar and Night Club and Jose R. Gonzalez, individually,

    Defendants

Case No.: 2:17-cv-02356-JAD-BNW

**Order Granting Amended Motion for Default Judgment**

[ECF No. 22]

This signal-piracy action arises out of the defendants' allegedly unauthorized 2014 broadcast of a boxing match, which plaintiff J&J Sports purportedly had the exclusive right to air under its contract with the match promoter, Mayweather Promotions. The defendants failed to appear, default was entered against them,[1] and J&J Sports moved for entry of default judgment.[2] I denied the motion because J&J Sports failed to demonstrate that its exclusive right extended to Clark County, Nevada, where the defendants broadcasted the match.[3] J&J Sports now renews its motion for entry of default judgment,[4] explaining that Mayweather waived the contractual provision requiring written authorization for J&J Sports to show the match in Clark County, Nevada.[5] I find that J&J Sports has sufficiently established the issue that initially prevented me

---

[1] ECF No. 12; ECF No. 13.

[2] ECF No. 15.

[3] The contract granted J&J Sports "the exclusive license to exhibit, only within the fifty states of the United States of America, *with the exception of Clark County Nevada* [sic] which shall be 'blacked out' unless [J&J Sports] receives written authorization by Promoter to exhibit the Event . . . within Clark County." ECF No. 15-1 at 9 (emphasis added). Although the contract was attached to a previous motion, I consider it as part of the record.

[4] ECF No. 22.

[5] ECF No. 18 at ¶ 7.

from granting default judgment.  Finding that the *Eitel v. McCool*[6] factors weigh in J&J Sports' favor, I grant its motion for default judgment and close this case.

## Discussion

**I.      Default-judgment standard**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain default judgment from the court if the clerk previously entered default based on defendants' failure to defend.[7] The court has discretion to enter default judgment,[8] which is guided by the seven *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[9]

As default as already been entered in this case, the court must take all of the complaint's factual allegations as true, except those relating to damages.[10]  "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default,"[11] and the court can consider additional proof of facts or damages to ensure that default judgment is appropriate.[12]

---

[6] *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

[7] *See* Fed. R. Civ. P. 55(b)(2).

[8] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

[9] *Eitel*, 782 F.2d at 1471–72.

[10] *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

[11] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[12] *See* Fed. R. Civ. P. 55(b)(2).

## II. The *Eitel* factors weigh in favor of granting default judgment.

### A. The first, fifth, sixth, and seventh *Eitel* factors

In cases like this one, in which the defendants have not participated in the litigation, the first, fifth, sixth, and seventh *Eitel* factors are easily satisfied. The first factor clearly weighs in favor of default judgment—if I were to deny its motion, J&J Sports would be without another recourse of recovery or remedy, incurring significant prejudice. And the fifth and sixth factors weigh in favor of default judgment. Due to the defendants' failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect. Although the seventh factor "arguably always weighs against the entry of default judgment"[13] because cases "should be decided on their merits whenever reasonably possible,"[14] when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible."[15] The seventh factor is outweighed by the other factors here.

### B. The second and third *Eitel* factors

The second and third *Eitel* factors require J&J Sports to demonstrate that it may recover under its stated claims.[16] "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important."[17] J&J Sports brings its claims under the Communications Act of 1934,[18] which "prohibits the unauthorized receipt and use of radio communications for one's

---

[13] ECF No. 22 at 12.

[14] *Eitel*, 782 F.2d at 1472.

[15] *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

[16] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[17] *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

[18] 47 U.S.C. § 605(a).

own benefit or for the benefit of another not entitled thereto."[19]  To succeed on its claim, J&J Sports must establish that (1) it had the exclusive right to broadcast the fight; (2) the defendants did not have a sub-license to broadcast the fight; (3) the defendants broadcasted the fight; and (4) (for enhanced damages) the defendants broadcasted the fight for commercial gain.[20]  The undisputed facts in this case establish all of those elements.

J&J Sports has shown that it had the exclusive right to broadcast the boxing match.[21]  Although its contract with Mayweather expressly excludes Clark County from its exclusive right to broadcast, J&J Sports has demonstrated that Mayweather waived that provision, thus allowing J&J Sports to sub-license its broadcast rights to establishments in Clark County.[22]  The complaint alleges that defendants did not have a sub-license to broadcast the boxing match, but did so anyway when they showed it on televisions at their bar.[23]  And they did so for commercial gain by imposing a ten-dollar cover charge.[24]  Because default has been entered against the defendants, they have admitted these facts, and I take them as true.  The second and third *Eitel* factors thus favor the entry of default judgment.

### C.    The fourth *Eitel* factor

The fourth *Eitel* factor concerns the damages at stake in the case.  J&J Sports seeks $10,000 in statutory damages and $30,000 in enhanced statutory damages, for a total of

---

[19] *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (internal quotation marks and citation omitted).

[20] *See* 47 U.S.C. § 605(a) & (e)(3)(C)(ii).

[21] ECF No. 18 at ¶¶ 5–7.

[22] *Id.* at ¶ 7; *id.* at 6–7.

[23] *Id.* at 6–7 (listing the sub-licensed establishments that were authorized to broadcast the boxing match, which does not include defendants' bar).

[24] ECF No. 15-2 (affidavit from investigator who observed the defendants broadcasting the boxing match; although attached to a previous motion, I consider it as part of the record).

4

$40,000.[25]  *Eitel*'s sum-of-money factor requires me to consider the amount of money at stake in relation to the seriousness of the defendants' conduct.[26]  Default judgment is disfavored if the sum of money at stake is "completely disproportionate or inappropriate"[27] or if the plaintiff cannot recover its damages under the laws for which it seeks a remedy.  The damages sought in this case are reasonable, as they are within the limits established by Congress under the Communications Act of 1934.[28]  The sum of money at stake in this action is proportional to the seriousness of the defendants' conduct, so this factor also favors the entry of default judgment.

### III.    Attorney's fees

J&J Sports requests 14 days from the entry of this order to file a motion for costs and attorney's fees, under 47 U.S.C. § 605(e)(3)(B)(iii).[29]  I grant this request and instruct J&J Sports to ensure its motion complies with Local Rule 54-14.

### Conclusion

IT IS THEREFORE ORDERED that the Amended Motion for Default Judgment **[ECF No. 22] is GRANTED**.  J&J Sports has until **December 17, 2021**, to file a motion for costs and attorney's fees.  And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER FINAL JUDGMENT against the**

---

[25] ECF No. 22 at 13.

[26] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *PepsiCo, Inc*, 238 F. Supp. 2d at 1176).

[27] *Id.*

[28] *See* 47 U.S.C. § 605(e)(3)(C)(i)(II) & (e)(3)(C)(ii).

[29] ECF No. 22 at 17.

**defendants, jointly and severally, in the amount of $40,000** (which consists of $10,000 in statutory damages and $30,000 in enhanced statutory damages) and CLOSE THIS CASE.

Dated: December 3, 2021

_____
U.S. District Judge Jennifer A. Dorsey